# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1101**
**KAH 15-00927**
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK EX REL.
DEANDRE WILLIAMS, ALSO KNOWN AS DAVID WILLIAMS,
PETITIONER-APPELLANT,

V                                                   MEMORANDUM AND ORDER

MICHAEL SHEAHAN, SUPERINTENDENT, FIVE POINTS
CORRECTIONAL FACILITY, RESPONDENT-RESPONDENT.

---

CHARLES J. GREENBERG, AMHERST, FOR PETITIONER-APPELLANT.

---

Appeal from a judgment of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered April 21, 2015 in a habeas corpus proceeding. The judgment denied the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking a writ of habeas corpus on the grounds that the evidence is legally insufficient to support his conviction of assault in the second degree (Penal Law § 120.05 [2]), he is actually innocent, and certain errors were made at trial. We conclude that Supreme Court properly denied his petition. "Habeas corpus relief is not an appropriate remedy for asserting claims that were or could have been raised on direct appeal or in a CPL article 440 motion" (*People ex rel. Dilbert v Bradt*, 117 AD3d 1498, 1498, *lv denied* 24 NY3d 902 [internal quotation marks omitted]; *see People ex rel. Collins v New York State Dept. of Corr. & Community Supervision*, 132 AD3d 1234, 1235, *lv denied* 26 NY3d 917). Although petitioner contends that he could not raise those grounds on his direct appeal because he was denied effective assistance of appellate counsel, we note that this proceeding for a writ of habeas corpus is not appropriate for raising that contention because his remedy for ineffective assistance of appellate counsel would be a new appeal, not immediate release from custody (*see People ex rel. Rivera v Smith*, 244 AD2d 944, 944, *lv denied* 91 NY2d 808). Rather, that contention is properly the subject of a motion for a writ of error coram nobis (*see id.*).

Entered: December 23, 2016                    Frances E. Cafarell
                                              Clerk of the Court